You may proceed. If the Court please. Gina Vandessel for the Appellant Ladel Harrison. This Court should vacate Mr. Harrison's sentence and release him immediately under the rule of the law of case, under the applicable rule of lenity, and because this Court should hold that an underlying offense for second-degree assault under Washington law does not qualify as a predicate of violent offense for an ACCA enhancement. Mr. Harrison was originally sentenced in 2005. At that time, the District Court didn't make a specific finding about why the ACCA enhancement applied, except that the Court concluded orally it did. Mr. Harrison appealed to this Court, and in 2006 this Court affirmed Mr. Harrison's enhanced sentence under ACCA by expressly relying on the residual clause of ACCA. So at that point forward from 2006, for more than a decade, Mr. Harrison's understanding as to why he received an enhanced sentence was because of the unconstitutional residual clause. In 2015, this Court granted him permission to file a second successive 2255 petition. But in January of 2016, the trial court denied that petition. The trial court erred in doing so. The constitutional error to Mr. Harrison of being sentenced under the residual clause, which is now unconstitutional, should not be permitted. The trial court went on. He didn't resentence Mr. Harrison. Instead, the trial court decided it could later justify Mr. Harrison's enhanced sentence under something that didn't exist at the time he was originally sentenced in 2006. It relied on this Court's opinion in Jenin, which was the 2010 case. Jenin, however, respectfully trial court erred. Jenin does not control whether or not second-degree assault in Washington is a violent offense and a predicate use under the ACCA enhancement. I won't restate what has been said earlier, but I do want to address your concern, Judge Smith. I heard you saying you're concerned about those certain circumstances where 1A or 1C is charged specifically, and why then don't the means convert to elements? Your Honor, I think your concern can be addressed by both Taylor and Mathis, where this Court said, and I quote, it is impermissible for a particular crime to sometimes count toward an enhancement and sometimes not, depending on the facts of the case. And under the government's argument here, if you accept what the government wants the holding to be, sometimes second-degree assault under 1C is going to be a violent offense, and sometimes second-degree assault under 1C is not going to be. And we know that by looking at the jury instructions. The Court doesn't have to consider that a hypothetical. Washington Pattern Instruction 35.16 says, contrary to what the government's arguing, that the elements of second-degree assault that the jury has to find are twofold. There are two elements of the crime must be proved by reasonable doubt. First, that on or about a date, the defendant assaulted a person. And second, that the assault occurred in Washington State. That particular Washington Pattern Instruction then goes on to show that in that circumstance, there are two different means by which the government can prove the element of assault, and it specifically lists 1A and 1C. The government said if 1C is ever charged, it has to be proved unequivocally beyond a reasonable doubt. We know that's not true because here the Washington Supreme Court has already said when these two means are submitted to the jury, the jury doesn't have to find one or both of those means beyond a reasonable doubt. So in that circumstance, 1C wouldn't have been proved by a reasonable doubt. And we're back into this place where Mathis and Taylor say the court can't go, cannot be a circumstance where second-degree assault is sometimes a predicate offense and sometimes not. This court can also look to its own opinions that haven't been discussed this morning and Rendon and Lopez to help further clarify the difference between elements and means. The court was really specific that elements are the circumstances a jury must unanimously agree on. Means are circumstances in which the jury may disagree yet still convict. The Washington statute and the way the Washington Supreme Court has defined means fits squarely within the court's two holdings in those cases. In the second round of argument, the government explained that there's no clarity as to what the elements of assault are in Washington. I would point the court to a third Washington Supreme Court opinion that hasn't been discussed this morning, State v. Linham, a 2002 opinion. That's when the Washington Supreme Court first started talking about the alternate means of a crime are provided specifically in the three statutes delineating the three types of assault in Washington. But in that opinion, the court also went on to talk about the common law definition of assault and that that is how the court has chosen to clarify and elaborate and explain the element which is assault. If the court has no further questions, I'd like to reserve my remaining time for rebuttal. You may. Thank you. Good morning again, Your Honor. James Gakey on behalf of the United States. Let me ask you as a preliminary question, just assuming hypothetically we were to disagree with your position on how we characterize, how you have characterized and the court previously has characterized the Washington assault statute and were to determine that it's not a crime of violence, Mr. Harrison's lawyer notes that he's been in prison already for more than 10 years, which is the maximum sentence under 922G if you didn't have the enhancement and therefore asked for the obviously granting of the petition but for immediate release. So I just want you to assume in a hypothetical world that you may or may not get to, if we were to disagree with the government's position on the violent crime, what is your position on the immediate release issue? I wonder if it should be rebanded to the district court to make that determination. What would happen there besides the passage of time? Frankly, I don't know, Your Honor. It's an interesting question. I just wonder if it's best addressed by the district court in terms of if there's any other things that need to be resolved in this matter. And also to fashion, I guess there's also been a question as to whether supervisory release would apply and calculation of time on those matters as well. I think the district court would have to enter another J&C. Thank you. I think that could be done expeditiously. We would not burden the defendant in terms of months and months and months. I believe that that individual could be back to the district and back before the district court in very short order. Would you oppose him being released pending resentencing? And if so, on what grounds? Probably so, Your Honor. I would prefer that it go back to the district court so the district court could fashion conditions if the court's intention were to not agree with the government on the Johnson issue. Does he have a supervisory release condition now? I'm sure that he does. That's what I would have thought. I have no doubt that he does. But I would suggest that based on Jenin, based on the fact that this is a C case, this is a dangerous weapon case, I think this court has to essentially overrule Jenin to get us to a situation where this defendant is released. I think in this instance, as the district court found below, Jenin largely controls in this instance. This is the one, the subsection of those elements was the state charge to which this defendant was tried and plead. So in this instance, this court has already made a decision, unknowingly anticipating Mathis and Johnson, that functionally, that subsection C, there are elements that must be proven there, regardless of what the district court calls them. And in this instance, this defendant was charged only with that subsection and his conviction is only to that subsection. Therefore, he has, under Jenin, he has a conviction for a prior crime of violence and has been properly sentenced under ACCA. And as to the issue of the law of the case and whether this court cannot now look back and look at this case in the light of Mathis, in the light of Johnson, I think that carries no weight here. The court's prior decision in this case, years ago, was not erroneous under the law at the time. It has since been found to be problematic. That amounts to an intervening change. That is clearly an intervening change in the law. Just because the court did not reach the more complicated issue at that time as to whether, as to how the defendant's prior conviction qualified under ACCA, doesn't mean the court can't now go back and do that. It never foreclosed an alternative basis to find the defendant's second-degree assault conviction to be a crime of violence. It simply reached the easier conclusion at the state of the law at that time that the residual clause applies. It did not need then to go further. Nothing bars it from looking at that conviction, because we would have a very odd situation. If this court were to find in the other cases that second-degree assault, a deadly weapon, is a crime of violence, yet because this court didn't address this issue back in 2003, 2004, or whenever it was, and only addressed second-degree assault under the residual clause, that Mr. Harrison is not an ACCA defendant, when he does, under the other cases, would clearly have a crime of violence conviction. So that would be an absurd result under the law of the case. And this is the rule. And it is so that in the prior case,  Exactly, Your Honor. At that time, it did not need to. That case was rightly decided under the law. It existed for some time at that time. This Court has not now foreclosed from analyzing the defendant's conviction under the current state of the law. And as to the rule of lenity, that only applies if there's a grievous ambiguity or uncertainty existing in the statute. We don't have that here. This is an issue that this Court is quite capable of deciding. And these are all claims that the defendant had to have. It really would have no validity if we were not to accept your argument, right? If we were not to accept the government's argument, and we were to suggest that, therefore, the defendant was sentenced wrongfully, at that point, the sentence seems to be, wouldn't be as long as he's already served. There wouldn't be any reason for the rule of lenity. Yes, I think that's right. I think that is right, Your Honor. So the case, in the end, rises and falls on the same analysis we've been talking about all morning. It does, coupled with the law of the case issue. But I would submit to the Court, the law of the case issue is the defendant wants to interpret it. If the Court But we don't need that if we just need to make a legal decision. I think that's right. All right. But the law of the case is not then somehow a bar. If the Court goes with the government on the government's interpretation of Johnson and Mathis in these prior cases and in this case, the law of the case is not somehow a bar then. Right. I mean, that would just simply be an absurd result. So it's not to retread Johnson again and Mathis again and again. I'll rest on my prior counsel, or colleague from the Western District of Washington's argument and my prior arguments in that matter. Thank you. Thank you. You have some time for rebuttal. Thank you, Your Honor. I will not retread the analysis about the statute unless the Court still has concerns it wants to debate. But I would ask if the Court grants this petition and finds for our version of the law that the Court order the immediate release of Mr. Harrison because it's no different than if he had finished his sentence. And in an ordinary circumstance, the Court doesn't remand a defendant back to State court to make sure he gets the proper instructions. There would be no reason to delay releasing Mr. Harrison. He has conditions of supervised release that would apply to him. And the concern about whether it should be a three-year or a five-year term of supervised release because the act enhanced him would no longer apply, that could be addressed by the district court at a later hearing. But that in and of itself is not a reason to delay his immediate release. Mr. Harrison has already been in prison for more than 14 years for a crime that without the enhancement has a 10-year statutory maximum. Thank you, Your Honors. Thank you. The case just argued, United States v. Harrison, is submitted. Again, I thank all counsel for your arguments and also your care to not tread on repeating the arguments in all of these cases involving the Washington statute. So I appreciate all the good work of all the counsel, both for the government and for the various defendants.
judges: McKeown, Bea, N.R. Smith